UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------
PROSPECT CAPITAL CORPORATION,

                              Plaintiff,

      -against-

CREDITO REAL USA FINANCE LLC,

                              Defendant.
------------------------------------

ECF CASE
Case No. 23-CV-3005(JSR)

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISQUALIFY PROSPECT ADMINISTRATION LLC AND JONATHAN J. LI, ESQ.**

THE LAW OFFICE OF THOMAS M. MULLANEY
530 FIFTH AVENUE, 23ᴿᴰ FLOOR
NEW YORK, NEW YORK 10036

Tel.: (212) 223-0800
Fax: (212) 661-9860

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ...............................................................................................1

RELEVANT FACTUAL BACKGROUND...............................................................................2

ARGUMENT

    Standard for Motion............................................................................................................4

        A. PROSPECT ADMINISTRATION LLC SHOULD BE DISQUALIFIED ....................4

        B. JONATHAN LI SHOULD BE DISQUALIFIED .........................................................8

CONCLUSION..........................................................................................................................10

## **TABLE OF AUTHORITIES**

Page

**Cases:**

*Acker v. Wilger,*
    No. 12-cv-3620, 2013 WL 1285435 (S.D.N.Y. Mar. 29, 2013) ........................... 4, 9

*Decker v. Nagel Rice LLC,*
    716 F.Supp.2d 228, 231 (S.D.N.Y 2010) ........................... 8, 9

*Finkel v. Frattarelli Bros., Inc.,*
    740 F.Supp.2d 368, 373 (E.D.N.Y. 2010) ........................... 10

*Hempstead Video, Inc. v. Inc. Vill. Of Valley Stream,*
    409 F.3d 127 (2d Cir. 2005) ........................... 4

*Jacoby & Meyers, LLP v. Presiding Justices of the First, Second, Third &*
    *Fourth Departments, App. Div. of the Supreme Ct. of New York,*
    852 F.3d 178, 182 (2d Cir. 2017) ........................... 5

*John Wiley & Sons, Inc. v. Book Dog Books, LLC,*
    126 F.Supp.3d 413, 423 (S.D.N.Y. 2015) ........................... 9

*Lamborn v. Dittmer,*
    873 F.2d 522, 531 (2d Cir. 1989) ........................... 9, 10

*Murray v. Metro. Life Ins. Co.,*
    583 F.3d 173, 178 (2d Cir.2009) ........................... 8

*Prout v. Vladeck,*
    316 F. Supp. 3d 784 (S.D.N.Y. 2018) ........................... 4, 9

*Purgess v. Sharrock,*
    33 F.3d 134, 144 (2d Cir. 1994) ........................... 4

*Ramchair v. Conway,* 601 F.3d 66, 74 n. 6 (2d Cir.2010) ........................... 9

*Ramey v. Dist. 141, Int'l Ass'n of Machinists & Aerospace Workers,*
    378 F.3d 269, 282-83 (2d Cir.2004) ........................... 9

*Soberman v. Groff Studios Corp.,*
    No. 99-CV-1005, 1999 WL 349989, at *7 (S.D.N.Y. June 1, 1999) ........................... 9

*Stratavest Ltd. v. Rogers,*
    903 F.Supp. 663, 667 (S.D.N.Y. 1995) ........................... 9

*United States v. Napoli,*
    No. 10-CR-150, 2010 WL 1687669, at *4 (E.D.N.Y. 2010) ................................................... 8

**Rules, Laws and Statutes:**

N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0 ............................................................................. 6

N.Y. Judiciary Law § 495 ......................................................................................................... 4, 5

N.Y. LLC Law § 201 ..................................................................................................................... 5

N.Y. R. Prof'l Conduct 3.7 ....................................................................................................... 8, 9

Defendant Credito Real USA Finance LLC ("CRUSAFin") submits this Memorandum of Law in Support of its Motion to Disqualify Prospect Administration LLC and Jonathan J. Li, Esq. as counsel for Plaintiff PROSPECT CAPITAL CORPORATION, and for such other relief as the Court deems just and proper.

## PRELIMINARY STATEMENT

The gist of this motion is simple enough: Prospect Administration LLC should be disqualified from acting as a law firm practicing before this Court, because it is not a law firm. The docket sheet for this matter plainly states that Plaintiff is represented by Adam Michael Burton and Jonathan Jung-Hsi Li of "Prospect Administration LLC." But being a limited liability company, Prospect Administration LLC may not be a law firm, under any circumstances. Under New York law, a law firm must be a Professional Limited Liability Company, or Professional Corporation. More importantly, Prospect Administration is far-removed from being a law firm. It is an administrative corporate entity that performs non-legal services and "provides facilities" for its affiliates, including Prospect Capital Corporation. It should not be appearing as a law firm in this Court.

Even if Prospect Administration LLC were permitted to continue as Plaintiff's law firm, Mr. Li should not continue as Plaintiff's lawyer. Mr. Li's continuing as counsel for Plaintiff would violate the witness advocate rule, as it is commonly known. Plaintiff has put two contracts at issue in this matter, which it claims CRUSAFin breached, and Mr. Li is Plaintiff's only signatory on them. While Plaintiff may urge to the Court that these contracts are unambiguous, and so Mr. Li's testimony concerning their meaning is unnecessary, Mr. Li has testified at his deposition that he did not understand what a crucial phrase in those contracts – Deposit against Expenses – meant. He did not testify that it creates something that the

1

Complaint asserts in its first paragraph – an "unconditional promise" to pay Plaintiff's expenses, in any amount, incurred at any time. This testimony by itself suggests ambiguity in the relevant contract – prejudicial testimony on a central issue which Plaintiff is already contesting.

<h3 style="text-align:center"><u>RELEVANT FACTUAL BACKGROUND</u></h3>

The Summons issued by Plaintiff in this case reads that "[t]he answer or motion must be served of the plaintiff or plaintiff's attorney, whose name and address are: Jonathan J. Li, Esq., Prospect Administration LLC, 10 East 40th Street, 45th Floor New York, NY 10016." (Dkt. No. 5)

There is another Prospect Administration LLC attorney listed on the docket sheet in this case, Adam M. Burton. He has filed a Notice of Appearance – Mr. Li has not done so – and described himself as "counsel of record for Plaintiff Prospect Capital Corporation." (Dkt. No. 15) Mr. Burton does not specify that he works for Prospect Administration LLC in the signature block of his Notice of Appearance. Prospect Capital Corporation does not "have its own in-house counsel." (Declaration of Thomas M. Mullaney, dated August 28, 2023 ("Mullaney Decl."), ¶ 2, attaching as Exhibit A relevant excerpts of Transcript of Deposition of Prospect Capital Corporation, dated August 8, 2023 ("Prospect Tr."), at p.17, li.17-19)

Similarly, in the Complaint in this action, Jonathan J. Li describes himself as "Counsel for Prospect Capital Corporation," without mentioning Prospect Administration LLC. (Dkt. No. 1, at 6) In the cover e-mail attaching the Document Requests served on CRUSAFin in this action Mr. Li identifies himself as:

> Jonathan J. Li
> Deputy General Counsel
> Prospect Administration, LLC
> 10 E 40th Street, 42nd Floor | New York, NY 10016
> Office: (646) 845-6060
> jli@prospectcap.com

(Mullaney Decl., ¶ 3, attaching as Exhibit B a reprinted e-mail from Jonathan J. Li, Esq. dated May 26, 2023) Although the pleadings in this case are not signed by Prospect Administration, the Document Requests, and Interrogatories, are. The signature blocks of those documents read:

PROSPECT ADMINISTRATION LLC

By: __/s/ Jonathan J. Li_____
Jonathan J. Li, Esq.
10 East 40th Street, 45th Floor
New York, New York 10016
(646) 845-6060

Counsel for Plaintiff Prospect Capital Corporation

(Mullaney Decl., ¶ 4, attaching as Exhibit C true and correct copies of the signature blocks of Plaintiff's Document Requests and Interrogatories to Defendant)

In a letter written on Prospect Capital Corporation letterhead, Mr. Li described himself to CRUSAFin's transactional attorneys as "Deputy General Counsel." (Mullaney Decl., ¶ 5, attaching as Exhibit D a true and correct copy of the March 1, 2023 Letter from Prospect Capital Corporation.)

Mr. Li is not an employee nor the Deputy General Counsel of Prospect Capital Corporation.

```
18      Q.   Okay.  Where do you work?

19      A.   Prospect Administration LLC.

20      Q.   What is your title at Prospect
21           Administration LLC?

22      A.   Deputy general counsel and chief
23           compliance officer.

24      Q.   Are you an employee of Prospect
25           Capital Corporation?
```

3

```
2        A.  No.

3        Q.  Are you deputy general counsel of
4            Prospect Capital Corporation?

5        A.  Not formally, so I would say no
```

(Mullaney Decl., ¶ 6, attaching as Exhibit E relevant excerpts of Transcript of Deposition of Jonathan J. Li, dated August 8, 2023 ("Li Tr.") at p.6, li.24-p.7, li 5)

## ARGUMENT

### Standard for Motion

"The power to disqualify an attorney is drawn from a court's 'inherent power to preserve the integrity of the adversary process.'" *Prout v. Vladeck*, 316 F. Supp. 3d 784, 809 (S.D.N.Y. 2018); citing *Acker v. Wilger*, No. 12-cv-3620, 2013 WL 1285435, at *1 (S.D.N.Y. Mar. 29, 2013) (quoting *Hempstead Video, Inc. v. Inc. Vill. Of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005)). A motion to disqualify an attorney is committed to the discretion of the Court. *See Purgess v. Sharrock*, 33 F.3d 134, 144 (2d Cir. 1994).

### A. PROSPECT ADMINISTRATION LLC SHOULD BE DISQUALIFIED

Prospect Administration LLC should be disqualified from appearing as the law firm for Prospect Capital Corporation because it is not a law firm and, as a Limited Liability Corporation, it is barred from appearing as an attorney for another in any court in New York. N.Y. Judiciary Law § 495 provides:

1. No corporation or voluntary association shall (a) practice or appear as an attorney-at-law for any person in any court in this state or before any judicial body, nor

   (b) make it a business to practice as an attorney-at-law, for any person, in any of said courts, nor
   (c) hold itself out to the public as being entitled to practice law, or to render legal services or advice, nor
   (d) furnish attorneys or counsel, nor

4

> (e) render legal services of any kind in actions or proceedings of any nature or in any other way or manner, nor
> (f) assume in any other manner to be entitled to practice law, nor
> (g) assume, use or advertise the title of lawyer or attorney, attorney-at-law, or equivalent terms in any language in such manner as to convey the impression that it is entitled to practice law or to furnish legal advice, services or counsel, nor
> (h) advertise that either alone or together with or by or through any person whether or not a duly and regularly admitted attorney-at-law, it has, owns, conducts or maintains a law office or an office for the practice of law, or for furnishing legal advice, services or counsel.

N.Y. Judiciary Law § 495 (McKinney). This section of the Judiciary Law has been invoked by the Second Circuit in analogous circumstances.

> Operating as a law firm, however, the LLC would have run afoul of certain New York laws that bar the practice of law by LLCs regardless of the nature of their investors. *See id.* at 563 (citing N.Y. LLC Law § 201 and N.Y. Judiciary Law § 495, which prohibit limited liability companies from practicing law).

*Jacoby & Meyers, LLP v. Presiding Justs. of the First, Second, Third & Fourth Departments, App. Div. of the Supreme Ct. of New York*, 852 F.3d 178, 182 (2d Cir. 2017)

Prospect Administration LLC's operation as a law firm raises other ethical concerns. For example, it appears to share the legal fees it collects with a non-lawyer, Prospect Capital Management L.P. Prospect Capital Corporation Annual Report reads:

> We are externally managed by our investment adviser, Prospect Capital Management L.P. ("Prospect Capital Management" or the "Investment Adviser"). Prospect Administration LLC ("Prospect Administration" or the "Administrator"), a wholly-owned subsidiary of the Investment Adviser, provides administrative services and facilities necessary for us to operate.

Because Prospect Administration LLC employs attorneys earning fees, including from CRUSAFin if its Complaint succeeds, this is forbidden in New York. Rule 5.4: Professional independence of a lawyer, provides:

5

> (a) A lawyer or law firm shall not share legal fees with a nonlawyer[.] (certain exceptions to this rule are not applicable here)
>
> (b) A lawyer shall not form a partnership with a nonlawyer if any of the activities of the partnership consist of the practice of law.
>
> N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0

In addition, the shifting signature blocks and vague description of counsel's employers could be read as an attempt to mislead the Court and counsel. Plaintiff and Prospect Administration seem to have wanted the Court and Defendant's counsel to believe that Prospect Capital Corporation was representing itself through in-house counsel, as opposed to being represented by a separate, ersatz law firm. Plaintiff also seemed to want CRUSAFin's transactional counsel to think that Plaintiff was attempting to collect certain actual, in-house legal expenses incurred in the underlying attempted transaction between the two. Instead, Prospect Administration was seeking to collect on bills for its attorneys' time, issued to its "clients" just as if it were a law firm, and in fact one explicitly in competition with marquee New York City law firms. As Mr. Li testified.

```
 7     Q. He also bills out his time at $996 an
 8        hour. Is that correct?
 9     A. Yes.

10     Q. Do you know who sets that hourly
11        rate?

12     A. I do.

13     Q. You set it?

14     A. Yes.

15     Q. What made you choose $996 per hour?

16     A. It has been 996 for several years
17        now. We look at comparables in the law firm
```

6

```
18            market in New York City, considering seniority
19            and the type of work, and then take a sizable
20            discount from that prevailing market rate.

21     Q.   Okay.  So do you know who the law
22            firms are that you compare or look to in order to
23            determine the hourly rate?

24     A.   Skadden is one.  Blank Rome is
25            another.  Those are the two that come to mind.
```

(Li Tr. at p.74, li.10-25)

Worse, neither Plaintiff nor Prospect Administration issued invoices to CRUSAFin monthly, or issued them contemporaneously with the work done. Nor did anyone tell CRUSAFin that the "Prospect" lawyers would be charging CRUSAFin just under $1,000 for their time.

```
21     Q.   Alright.  Do you know if anyone ever
22            discussed what the Prospect attorneys' hourly
23            rates were going to be with CRUSAFin?

24     A.   I personally do not recall those
25            discussions.

 2     Q.   Were invoices sent by Prospect
 3            Administration to CRUSAFin on a monthly basis for
 4            its legal services?
 5            MR. BURTON:  Objection.
 6     A.   I am only aware of this one invoice
 7            for CRUSAFin, and that wouldn't be unusual.

 8     Q.   So here just looking at Defendant's
 9            12 and Mr. Troitsky's time, time was spent in May
10            and time was spent in June of 2022.  No invoices
11            were sent at the end of May or the end of June to
12            reflect the hours spent or what the charges were
13            going to be for his work on the CRUSAFin matter.
14            Is that right?
15            MR. BURTON:  Objection.
16     A.   There was no invoice on this matter
17            that I'm aware of from June of 2022.
```

(Li Tr., p.81, li.21 – p.82, li.17)

7

## B. JONATHAN J. LI, ESQ. SHOULD BE DISQUALIFIED

Rule 3.7 of the New York Rules of Professional Conduct provides, with certain exceptions, that "[a] lawyer shall not act as an advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact." N.Y. R. Prof'l Conduct 3.7(a). Accordingly, an attorney may be disqualified from representing a client in an action when such attorney is a necessary witness who has "knowledge of the facts and [has] participate[d] in some of the events giving rise to [the lawsuit]" and who, if allowed to participate as both an advocate and a witness, "would jeopardize [the court's] interest in ensuring that the trial is conduct fairly and in conformity with prevailing ethical rules." *United States v. Napoli*, No. 10-CR-150, 2010 WL 1687669, at *4 (E.D.N.Y. 2010).

Rule 3.7(a) is "[c]ommonly referred to as the 'advocate-witness' rule." *Decker v. Nagel Rice LLC*, 716 F.Supp.2d 228, 231 (S.D.N.Y 2010). The Second Circuit has identified four risks that Rule 3.7(a) is designed to alleviate: (1) the lawyer might appear to vouch for his own credibility; (2) the lawyer's testimony might place opposing counsel in a difficult position when she has to cross-examine her lawyer-adversary and attempt to impeach his credibility; (3) some may fear that the testifying attorney is distorting the truth as a result of bias in favor of his client; and (4) when an individual assumes the role of advocate and witness both, the line between argument and evidence may be blurred, and the jury confused. *Murray v. Metro. Life Ins. Co.*, 583 F.3d 173, 178 (2d Cir.2009), citing *Ramey v. Dist. 141, Int'l Ass'n of Machinists & Aerospace Workers*, 378 F.3d 269, 282–83 (2d Cir.2004) (internal citations and alterations omitted).

In order to disqualify an attorney based on the advocate-witness rule, "a party must demonstrate that the testimony is both necessary and substantially likely to be prejudicial."

*Prout v. Vladeck*, 316 F. Supp. 3d 784, 809 (S.D.N.Y. 2018) The movant, therefore, "bears the burden of demonstrating specifically how and as to what issues in the case the prejudice may occur and that the likelihood of prejudice occurring [to the witness-advocate's client] is substantial." *Id.* (quoting *Lamborn*, 873 F.2d at 531). However, "any doubts are to be resolved in favor of disqualification." *Decker*, 716 F.Supp.2d at 232. "'A finding of necessity takes into account such factors as the significance of the matters, the weight of the testimony, and the availability of other evidence.'" *Soberman v. Groff Studios Corp.*, No. 99-CV-1005, 1999 WL 349989, at *7 (S.D.N.Y. June 1, 1999) (quoting *Stratavest Ltd. v. Rogers*, 903 F.Supp. 663, 667 (S.D.N.Y. 1995)). The "availability of other witnesses is essentially fatal to the 'necessity' prong of the disqualification inquiry." *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 126 F.Supp.3d 413, 423 (S.D.N.Y. 2015) (collecting cases); *see also Acker v. Wilger*, No. 12-cv-3620, 2013 WL 1285435, at *3 (S.D.N.Y. Mar. 29, 2013).

The Second Circuit has stated that Rule 3.7(a) "is substantially the same as" Disciplinary Rule ("DR") 5–102(A) of the Code. *Ramchair v. Conway*, 601 F.3d 66, 74 n. 6 (2d Cir.2010). Under the Code, different standards for disqualification applied depending on whether an attorney was expected to testify on behalf of a client or a party other than the attorney's client. In *Lamborn v. Dittmer, supra*, 873 F.2d at 531, the Second Circuit analyzed DR 5–102(A), which stated that:

> If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial....

The Court then held that "[t]he test under subdivision (A) is whether the attorney's testimony could be significantly useful to his client. If so, he should be disqualified regardless of whether he will actually be called." *Lamborn v. Dittmer*, 873 F.2d 522, 531 (2d Cir. 1989).

9

Courts in this Circuit have stated that "[w]hen considering the necessity of testimony, '[a] court should examine factors such as the significance of the matters, weight of the testimony, and availability of other evidence.'" *Finkel v. Frattarelli Bros., Inc.*, 740 F.Supp.2d 368, 373 (E.D.N.Y. 2010) (internal quotation marks and citation omitted).

Here, Plaintiff has put two contracts at issue in this matter, and Mr. Li is Plaintiff's only signatory on them. (Li Tr., p. 34, li.8-p.35, li.8) Mr. Li has knowledge of what the disputed phrase "Deposit against Expenses" means, although he only glanced at the July 12, 2022 Fee Letter which Plaintiff claims was breached. (Id., p.52, li. 2-12) CRUSAFin's position is that the deposit had to be requested and come in advance against expenses, and that *post facto* reimbursement of non-approved expenses is not a CRUSAFin obligation.

As Mr. Li and CRUSAFin's Scot Seagrave were the signatories to the July 12, 2022 contract, only Mr. Li could testify on whether there was a meeting of the minds between the two parties on the terms of the Fee Letter. Having only glanced at it, Mr. Li's testimony will be prejudicial to Plaintiff's argument that there was such a meeting of the minds in the Fee Letter. There could not have been, where Plaintiff's signatory did not even know what was in it.

## CONCLUSION

For the reasons set forth above, Defendant Credito Real USA Finance LLC respectfully requests that this Court grant its motion in its entirety.

Dated: August 28, 2023
      New York, New York

Respectfully submitted,

THE LAW OFFICE OF THOMAS M. MULLANEY

_____
Thomas M. Mullaney (TM 4274)

*Attorney for Defendant*

530 Fifth Avenue, 23rd Floor
New York, New York 10036
Tel.: (212) 223-0800
Fax: (212) 661-9860
E-mail: tmm@mullaw.org

11