UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PROSPECT CAPITAL CORPORATION,<br><br>Plaintiff,<br><br>-v-<br><br>CREDITO REAL USA FINANCE LLC,<br><br>Defendant. | 23-cv-3005 (JSR)<br><br>MEMORANDUM ORDER |

JED S. RAKOFF, U.S.D.J.

On August 28, 2023, defendant, Credito Real USA Finance LLC, moved to disqualify Prospect Administration LLC and Jonathan Li from representing plaintiff, Prospect Capital Corporation. After full consideration of the parties' written submissions, the Court denied defendant's motion by "bottom-line order" dated September 5, 2023. This Memorandum Order reconfirms that ruling and sets forth the reasons for that ruling.

I.  Factual Background

This lawsuit stems from a contractual dispute between plaintiff and defendant over defendant's obligations to pay plaintiff's expenses in evaluating a potential transaction between the parties. The Complaint alleges that plaintiff contemplated purchasing an equity interest in defendant. Compl., ¶ 6, Dkt. No. 1. To facilitate that transaction, the parties entered into an

1

agreement on June 6, 2022, which provided that defendant would pay plaintiff "an initial $150,000 deposit to reimburse [plaintiff] for evaluating" the potential equity transaction. Id. Defendant wired $150,000 to plaintiff. Id.

Subsequently, on July 12, 2022, the parties amended the agreement "to provide for the payment of a second $150,000 amount" and permitted plaintiff "to demand and receive additional amounts . . . for [plaintiff's] additional expenses incurred in doing ongoing evaluative work in connection with" the potential equity purchase. Id. ¶ 7. Although defendant paid the second $150,000 amount, when plaintiff then requested an additional $150,000 on August 1, 2022, defendant failed to pay it. Id. ¶¶ 8, 10. Plaintiff alleges it incurred $157,795.30 in uncompensated expenses, which defendant should have reimbursed pursuant to the parties' agreements. Id. ¶ 11. Plaintiff asserts a single cause of action against defendant for breach of contract. Id. ¶¶ 18-23.

II.   Motion to Disqualify

On August 28, 2023, defendant moved to disqualify Prospect Administration LLC and Mr. Li from continuing to represent plaintiff in this action. First, defendant contends that Prospect Administration LLC should be disqualified because limited liability companies are not permitted to practice law. Second, defendant argues that Mr. Li should be disqualified under the

2

witness-advocate rule. For the reasons discussed below, the Court finds both arguments to be without merit.

    a. <u>Motion to Disqualify Prospect Administration LLC</u>

New York law prohibits limited liability companies from practicing law. <u>See</u> N.Y. Jud. Law § 495; <u>Jacob & Meyers, LLP v. Presiding Justs. of the First, Second, Third and Fourth Dep'ts, App. Div. of the Sup. Ct. of N.Y.</u>, 852 F.3d 178, 182 n.1 (2d Cir. 2017).[1] However, companies are not prohibited from having their in-house counsel represent them in court. <u>See, e.g.</u>, <u>Hertzog, Calamari & Gleason v. Prudential Ins. Co. of Am.</u>, 850 F. Supp. 255, 255 (S.D.N.Y. 1994) ("A corporation may appear through retained outside counsel or by in-house counsel on the corporate payroll."). Even New York's law that forbids corporations from practicing law recognizes that uncontroversial point -- companies may employ and appear in court through in-house counsel. <u>See</u> N.Y. Jud Law § 495(5)(the law does not "prohibit a corporation or voluntary association from employing an attorney or attorneys in and about its own immediate affairs or in any litigation to which it is or may be a party").

Despite defendant's protestations, nothing improper is afoot. Prospect Administration LLC is an organizational affiliate of plaintiff that employs the in-house counsel that represent

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

3

plaintiff and its other organizational affiliates in court. The structure is as follows: Plaintiff (a publicly traded investment company) does not have any of its own employees; instead, Prospect Capital Management L.P. acts as plaintiff's "investment adviser" and "manages" plaintiff's "day-to-day business operation." Dalrymple Decl., ¶ 3, Dkt. No. 22. In turn, Prospect Administration LLC "is a wholly-owned subsidiary" of Prospect Capital Management L.P. that employs the lawyers that "provide legal services" to plaintiff, id. ¶ 4, and plaintiff's other organizational affiliates and subsidiaries, Li Decl., ¶ 12, Dkt. No. 23.[2] Plaintiff's annual report, that defendant cites in its brief, is in accord. See Def. Br. at 5, Dkt. No. 19 ("We are externally managed by our investment adviser, Prospect Capital Management L.P. . . . Prospect Administration LLC . . ., a wholly-owned subsidiary of [Prospect Capital Management L.P.], provides administrative services and facilities necessary for us to operate."). Defendant has not pointed to any law that would render it impermissible for a company to employ its in-house counsel in a separate but affiliated company.

Furthermore, defendant's attempts to marshal evidence disputing that Prospect Administration LLC employs plaintiff's in-

---

[2] Indeed, Mr. Burton and Mr. Li have represented plaintiff and its affiliates in many lawsuits across the country. Li Decl., ¶¶ 7-9; Burton Decl., ¶¶ 7-9, Dkt. No. 24.

house counsel fall flat. In light of plaintiff's other evidence, the deposition testimony of plaintiff's 30(b)(6) witness, that he did not think plaintiff had any in-house counsel and was unsure whether Prospect Capital Management employed any in-house counsel, see Mullaney Decl., Ex. A at 17:17-22, Dkt. No. 20-1, likely reflects that the 30(b)(6) designee simply did not know how plaintiff employs its in-house counsel. Additionally, Mr. Li's deposition testimony that he is not formally an employee or general counsel of plaintiff and that Prospect Administration LLC provides legal services to companies other than plaintiff, Mullaney Decl., Ex. E at 6:18-7:24, Dkt. No. 20-5, is adequately explained by plaintiff's evidence indicating Prospect Administration LLC employs the in-house counsel for plaintiff and that it does not provide legal services to the general public, only to those other companies affiliated with plaintiff. See, e.g., Li Decl., Ex. 1 at 23:17-20, Dkt. No. 23-1 ("Q: . . . Does Prospect Capital Corporation have its own in-house counsel? A: Not separate from the lawyers employed by Prospect Administration."); Li Decl., ¶ 12 ("The only clients the litigators employed by [Prospect Administration LLC] represent in court are [plaintiff, Prospect Capital Management L.P.,] or their respective affiliates and subsidiaries.").

Finally, defendant's other arguments have no bearing on whether Prospect Administration LLC is engaged in the unauthorized

5

practice of law. First, defendant argues that plaintiff's counsel attempted to conceal that they worked at Prospect Administration LLC because plaintiff's counsel did not always identify their affiliation with Prospect Administration LLC in their signature blocks. See Mullaney Decl., Ex. C, Dkt. No. 20-3. That, however, does not show Prospect Administration LLC is engaged in the unauthorized practice of law. Second, defendant argues that Prospect Administration LLC is illegally sharing legal fees with Prospect Capital Management L.P. But that is irrelevant, as defendant does not even argue that fee-sharing in and of itself is a basis for disqualification. Third, defendant complains about the legal fees charged by Prospect Administration LLC's counsel, but the rates that plaintiff's in-house counsel charge has no bearing on whether Prospect Administration LLC employs the attorneys that act as plaintiff's in-house counsel.

Accordingly, the motion to disqualify Prospect Administration LLC is denied.

    b. Motion to Disqualify Jonathan Li

Defendant also seeks to disqualify Mr. Li from representing plaintiff under the witness-advocate rule. Pursuant to this rule, "[a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact" unless the testimony would fall into one of five exceptions. N.Y. Rules of Pro. Conduct 3.7(a). Disqualification

6

under this rule "is triggered only when the attorney actually serves as an advocate before the jury." Finkel v. Frattarelli Bros., Inc., 740 F. Supp. 2d 368, 373 (E.D.N.Y. 2010). See also John Wiley & Sons, Inc.v. Book Dog Books, LLC, 126 F. Supp. 3d 413, 420 (S.D.N.Y. 2015).

Here, there is a threshold issue; it is not clear that Mr. Li will even serve as trial counsel. Mr. Li will be taking paternity leave in September, Li Decl., ¶ 11, and may still be on leave during the trial in this case. Defendant concedes that if Mr. Li is on paternity leave during trial, "disqualifying him would be superfluous." Def. Reply Br. at 2, Dkt. No. 25. Therefore, this motion is at best premature. However, given that it is not clear when the trial will be scheduled, the Court will also analyze the motion on its merits.

"In order to disqualify an attorney on the basis of the advocate-witness rule, a party must demonstrate that the testimony is both necessary and substantially likely to be prejudicial." Decker v. Nagel Rice LLC, 716 F. Supp. 2d 228, 232 (S.D.N.Y. 2010). The Second Circuit has warned that "Rule 3.7 lends itself to opportunistic abuse," so motions pursuant to this rule must be "subject to fairly strict scrutiny." Murray v. Metro. Life Ins. Co., 583 F.3d 173, 178 (2d Cir. 2009).

First, to assess if testimony is necessary, the Court "examine[s] factors such as the significance of the matters, weight

of the testimony, and availability of other evidence." John Wiley & Sons, Inc., 126 F. Supp. 3d at 421-22. However, "the availability of other witnesses is essentially fatal to the necessity prong." Id. at 423. See also Solow v. Conseco, Inc., No. 06 CIV 5988, 2007 WL 1599151, at *4 (S.D.N.Y. 2007) ("The rule requires that a lawyer's testimony be necessary, not simply that it be the best evidence, and to that end, courts deem a lawyer's testimony necessary only if there are no other witnesses to the circumstances at issue.").

Second, testimony is prejudicial if it "is sufficiently adverse to the factual assertions or account of events offered on behalf of the client, such that the bar or the client might have an interest in the lawyer's independence in discrediting that testimony." Decker, 716 F. Supp. 2d at 231. The moving party must "demonstrat[e] specifically how and as to what issues in the case the prejudice may occur and that the likelihood of prejudice occurring to the witness-advocate's client is substantial." Murray, 583 F.3d at 178. Mere "speculation as to the testimony that counsel would give is not sufficient to support a motion to disqualify." John Wiley & Sons, Inc., 126 F. Supp. 3d at 423.

Plaintiff represents that it will not call Mr. Li as a witness at trial. Pl. Br., at 17, Dkt. No. 21. It is also not at all clear from defendant's brief that defendant intends to call Mr. Li as a trial witness. But even assuming arguendo that defendant intends

to call Mr. Li at trial, defendant has not established necessity or prejudice.

As it pertains to necessity, defendant argues that as the only signatory on the two contractual agreements at issue, Mr. Li knows the meaning of a disputed contractual term and whether the parties agreed about that term's meaning. However, Mr. Li only had a limited role in the transaction. Mr. Li served as the signatory and provided limited legal advice about the contracts, Li Decl., Ex. 1 at 34:20-23, 35:12-16, but did not negotiate the contracts, Li Decl., ¶ 13. Therefore, Mr. Li's knowledge about disputed contractual provisions mostly stems from his role as plaintiff's attorney, which is likely privileged information that Mr. Li could not testify to at trial. See, e.g., Li Decl., Ex. 1 at 52:2-5 ("Q: But you do have an understanding of the phrase 'deposits against expenses' as the litigator who wrote this letter . . . ? A: Only as the litigator who wrote this letter and prepared the complaint."). Additionally, Mr. Shuman, who negotiated and approved the terms of the agreement, can testify to whether the parties agreed about the meaning of the now disputed contractual provisions. Defendant never explains why Mr. Shuman would be an inadequate witness. In sum, defendant has failed to show Mr. Li's testimony is necessary.

Defendant also has not adequately shown that Mr. Li's testimony would be prejudicial. Defendant seems to argue that

because Mr. Li only glanced at the July 12, 2022 agreement at issue between the parties, his testimony will be prejudicial to plaintiff about whether the parties' agreed about the meaning of the contract's key terms. But defendant fails to sufficiently explain how Mr. Li glancing at the contract would be adverse to his client, seeing as Mr. Li only served as the authorized signatory, nor has defendant adequately explained how Mr. Li's testimony would differ from the evidence that plaintiff would put forward at trial about the contract. Defendant's prejudice argument is, at bottom, merely speculative.

Accordingly, the Court denies defendant's motion to disqualify Mr. Li under the witness-advocate rule.

III.  Conclusion

For the foregoing reasons, the Court hereby reconfirms its denial of defendant's motion to disqualify Prospect Administration LLC and Mr. Li.

SO ORDERED.

Dated:   New York, NY

September 29, 2023           JED S. RAKOFF, U.S.D.J.